# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**JOSEPH LLOYD SOELBERG and HEATHER MICHELLE SOELBERG,**<br><br>Debtors. | Case No. 15-01355-TLM<br><br>Chapter 7 |

## MEMORANDUM OF DECISION

## BACKGROUND

Randal French ("French") was the attorney for debtors Joseph and Heather Soelberg in this bankruptcy case.[1] On August 7, 2019, French filed a "Motion for Writ of Execution and for Continuing Garnishment," Doc. No. 317 ("Motion").[2] The Motion requests that the Court enter an "order directing the Clerk of the Court to execute and issue the attached Writs of Execution and for Continuing Garnishment" directed at the Soelbergs. *Id.*

---

[1] The case was commenced as a voluntary chapter 13 case on October 15, 2015. It was converted to chapter 7 by this Court's order on July 5, 2016. That decision was appealed and affirmed by the District Court on March 14, 2017. An appeal of that decision was taken to the Ninth Circuit Court of Appeals, but voluntarily dismissed on March 23, 2018. There was significant contested litigation throughout the case between the Soelbergs and creditor Annette Davidson which ended, for the most part, with a "global resolution" by agreement in February 2018 that included the Soelbergs' waiver of discharge in April 2018. Additional issues arose in connection with the chapter 7 trustee's administration and proposed final report and account. These were resolved by another stipulation in July 2018. The Trustee's final report and account was approved in October 2018.

[2] The Motion reflects that French is now an "inactive" member of the Bar, and he filed the same in a "pro se" capacity.

MEMORANDUM OF DECISION - 1

The proposed writs of execution, Doc. Nos. 317-2 and 317-3, assert that the United States of America would require the Valley County (Idaho) Sheriff to execute upon the Soelbergs' real and personal property, and garnish any amounts due the Soelbergs from their employer(s), in order to satisfy a "judgment." The asserted "judgment" is an "Order Granting Application for Approval of Compensation" obtained by French on September 19, 2016.  *See* Doc. No. 317-1.[3]

**DISCUSSION**

The Court finds the Motion is not well taken and it therefore will decline to enter French's proposed order or to instruct the Clerk to issue the proposed writs.[4]

An application under, and an allowance of compensation made pursuant to, § 330(a)(4)(B) establishes the amount of such fees and costs entitled to treatment as an administrative expense. Given the context and chronology of this case, and absent reversal of the order of conversion, such compensation would necessarily be addressed in the chapter 7 trustee's final report and account. That report indicates the chapter 7 administrative expenses and a priority domestic support obligation consumed all

---

[3] This order, Doc. No. 122, allowed compensation and reimbursement of expenses in a total amount of $16,688.75 claimed by French under § 330(a)(4)(B). *See* Doc. Nos. 109 (application); 120 (stipulation between French and the chapter 7 trustee). That Code reference, and the underlying application, reflect that the services were those rendered in the chapter 13 case and in a related adversary proceeding during the chapter 13 case. The order states that such allowance was entitled to administrative expense priority under §§ 503(b) and 507(a)(2). On September 19, 2018, French sought to "correct" the order's reference so that it specifically referred to him and his law firm, which request was granted. Doc. Nos. 309, 310. No other changes were made to the order.

[4] Initially, the Court would note that the Motion was docketed by French as an "Ex Parte Motion" and there is no indication the Soelbergs were ever provided notice. That is an obvious concern. However, it is outweighed by the lack of authority for the requested relief.

MEMORANDUM OF DECISION - 2

available funds of the estate.  Doc. No. 312 at 4–5.  French's allowed claim for compensation and reimbursement of expenses in the chapter 13 case received nothing.  *Id.* at 5.  The trustee's final account and distribution report was approved.  Doc. No. 313.

French treats the order allowing compensation as a "judgment," and that term is used in the proposed writs, Doc. Nos. 317-2 and 317-3, and in French's supporting declaration, Doc. No. 317-1, which identifies the September 2016 order, Doc. No. 122, and then refers to it as a "judgment" and also asserts that its amount is entitled to accrue interest "[u]nder the Federal Judgment Rate."

Administrative expense claims are not, and are not entitled to be treated as, money judgments.  In the case of *In re 3109, LLC*, 2014 WL 1655415 (Bankr. D.C. Apr. 25, 2014), the court noted in an analogous situation that an order allowing § 330(a)(1) compensation as an administrative expense was not a monetary judgment.  It held:

> An order allowing a claim in a bankruptcy case, regardless of whether the claim is an administrative claim or instead a prepetition claim of a creditor, adjudicates the amount owed to the holder of the claim, but does not amount to a monetary judgment unless the court so directs.  The distinction between an order allowing a claim and a monetary judgment was aptly described in *Ziino v. Baker*, 613 F.3d 1326 (11th Cir. 2010). . . .  The Eleventh Circuit determined that the court order allowing Ziino's claim in Wellman's prior bankruptcy proceeding was not a final, executable money judgment.  *Id.* at 1327.  As explained by the court:
>
>> An allowed claim in bankruptcy serves a different objective from that of a money judgment—it permits the claimant to participate in the distribution of the bankruptcy estate.  *See* 11 U.S.C. § 507 (2006); 4 Collier on Bankruptcy ¶ 501.01[2][b] (Alan N. Resnick & Henry J. Sommer. eds., 16th ed. 2010).  "[T]he assertion of a claim in bankruptcy is, of course, not an attempt to recover a judgment against the debtor but to obtain a distributive share in the immediate assets of the proceeding."  *Matter of Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir. 1977)

MEMORANDUM OF DECISION - 3

> > (quoting *In re Kansas City Journal-Post Co.*, 144 F.2d 791, 803–04 (8th Cir. 1944); *see also* 10 Collier on Bankruptcy ¶ 7069.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) ("By its terms, Civil Rule 69 is applicable to enforcement of only judgments for the payment of money. . . . If the underlying cause of action against the estate arose prepetition, it normally will be dealt with as a claim to be satisfied by a distribution upon liquidation or under a reorganization plan. . . .").
>
> *Id.* at 1328–29. Here, similarly, the court's award in favor of Johnson for postpetition services was the section 330 predicate for his being allowed to obtain a distribution under the terms of the confirmed plan. The court did not indicate that the award in favor of Johnson was to go beyond that and be treated as a money judgment.

*Id.* at *2; *see also In re Trigee Found., Inc.*, 2017 WL 3190737 at *1–3 (Bankr. D.C. July 26, 2017) (determining that the allowance of a claim as an administrative expense or as a claim against the estate does not constitute entry of a money judgment but merely determines that the claimant is entitled to a distribution from the bankruptcy estate being administered, and that fee orders were not intended to be money judgments collectible by writs of execution after the dismissal of the case; holding that fee orders are not civil judgments, and 28 U.S.C. § 1961 providing for post-judgment interest does not apply; and finding Fed. R. Civ. P. 69(a) is inapplicable as it only permits the enforcement of money judgments).[5]

---

[5] In *Trigee Found.*, the court also held that even if orders of compensation were final and appealable, or even had res judicata effect with respect to the issue of whether such fees were obligations owed by the debtor, that did not make them money judgments. *Id.* at *3 (citing *Ziino*, 613 F.3d at 1328–29). As stated in *Ziino*, 613 F.3d at 1329: "In order to execute on a judgment under Rule 69, Ziino must have obtained a money judgment. The district court correctly concluded that an allowed claim in bankruptcy and a money judgment are not functionally identical."

MEMORANDUM OF DECISION - 4

This Court did not enter a money judgment in favor of French.  Instead, the Court entered an order approving under § 330(a)(4)(B) French's fees and costs in the amount of $16,688.75, and determining French's claim had administrative expense priority.  Despite the Motion's contentions and citations to Bankruptcy Rule 7069 and Fed. R. Civ. P. 69, the authorities do not support the assertion that the order was a money judgment, and French is not entitled to entry of the requested order of this Court or to the writs sought from this Court's Clerk.[6]

Therefore, the Court will enter an Order denying the Motion, Doc. No. 317.

DATED:  August 13, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

---

[6] Even if French had a money judgment and was entitled to a writ of execution from this Court, the writs could not be issued in the form requested by French.  The instructions to Director's Bankruptcy Form B2640, "Writ of Execution to United States Marshal," state:  "Some judgment creditors may prefer to have their judgment executed upon by local officials, such as a Sheriff or City Marshal, rather than by the United States Marshal. In that event, the bankruptcy court judgment should be registered with the county clerk for the county in which the judgment debtor resides. This may be done using Director's Form 2650, Certification of Judgment for Registration in Another District. The Writ of Execution, Director's Form 2640 should NOT be used, as the bankruptcy court has no authority to issue a writ to a state or local official."

MEMORANDUM OF DECISION - 5